J2PITCHER, Judge.
Plaintiff, Lynn Gildersleeve Michelli, appeals from an order granting Victor Raymond Michelli, II, unsupervised visitation with their minor children. We reverse and remand.
PROCEDURAL BACKGROUND
Victor Michelli (Mr. Michelli) and Lynn Gildersleeve Michelli (Mrs. Michelli) were married on September 6, 1986 in East Baton Rouge Parish. Two children were born of the marriage: Victoria Chipman Michelli and Victor Ray Michelli, III.
On November 19, 1992, Mrs. Michelli filed a petition for divorce. Mrs. Michelli sought custody of the minor children under LSA-R.S. 9:361 et seq. (the Posi^Separation Family Violence Relief Act) alleging that Mr. Mi-chelli was physically abusive to her and their minor children. In her petition, Mrs. Michel-li also requested temporary sole care, custody, and control of the minor children. On January 12,1993, a hearing was scheduled to determine the temporary custody of the Mi-chellis’ minor children. On the date of the hearing (January 14), the trial court rendered a judgment in accordance with the parties’ stipulation wherein Mrs. Michelli was awarded temporary custody of the minor children, and Mr. Michelli was awarded supervised visitation. Mrs. Michelli’s father, Robert V. Gildersleeve, Sr., was appointed as the supervisor.
A trial was held on the 8th, 10th, and 11th of March, 1993, to determine the issues of divorce, permanent alimony, custody, and child support. After the trial, the case was taken under advisement. On March 31, *1353 1993, while the case was under advisement, Mrs. Miehelli filed a motion for immediate termination of Mr. Michelli’s temporary visitation and a rule for contempt. Mrs. Miehelli alleged that during a visitation, Mr. Miehelli violated the January 14 judgment by taking the minor children out on a boat ride when the court ordered that Mr. Michelli’s visitation not involve taking the children out in a boat. On March 31, 1993, the trial court signed an order which immediately terminated Mr. Michelli’s temporary visitation privileges, and ^ordered that on April 13, 1993, Mr. Miehelli show cause why he should not be held in contempt for violating the January 14 judgment.
On April 13, 1993, at the scheduled hearing, the parties presented pleadings, stipulations, and arguments to the court on the rule for contempt. Subsequently, the court rendered a judgment holding Mr. Miehelli in contempt for violation of the January 14 stipulated judgment. The trial court ordered that the March 31 order terminating Mr. Michelli’s visitation privileges remain effective until a decision was rendered in the case.
On April 22, 1993, the trial court rendered judgment granting Mrs. Miehelli a divorce.[1] The trial court found that she was not at fault in causing the breakup of the marriage. Mrs. Miehelli was also granted custody of the minor children, and child support of $1,620.00 per month from Mr. Miehelli. The trial court concluded that the Post-Separation Family Violence Relief Act was not applicable, and granted Mr. Miehelli unsupervised visitation. Mrs. Miehelli was not awarded permanent alimony because the trial court found that she had sufficient means for her support.
On June 11, 1993, Mrs. Miehelli filed a motion for new trial and a motion for supervised visitation. On June 25, 1993, Mrs. Miehelli filed a supplemental motion for new trial and a motion to terminate unsupervised visitation. Also, on June 25, 1993, Mr. Mi-chelli filed a rule for contempt alleging that Mrs. Miehelli (1) failed to notify him of their minor daughter’s dance recital; (2) Mrs. Mi-chelli took the children out of town without providing him with a telephone number or travel itinerary; and (3) dissipated the community business. On June 29, 1993, Mrs. Miehelli filed a rule to make arrearages of child support executory and for contempt, attorney’s fees, and court costs.
On July 6, 1993, the parties presented pleadings, stipulations, and arguments to the court on the motions for new trial and termination of Mr. Michelli’s unsupervised visitation as well as the rules filed on June 25th and 29th. Judgment was | gendered on July 6, 1993, finding Mrs. Miehelli to be in contempt of court for encumbering the community property. The judgment ordered that the arrearages of child support be made ex-ecutory, but dismissed the contempt action against Mr. Miehelli. It was further ordered that Mr. Michelli’s unsupervised visitation be terminated, and his visitation be supervised by his girlfriend, Desiree Cox, and his sister, Vickie Miehelli. Mrs. Michelli’s motion for new trial was denied, and the court ordered that this judgment supersede the judgment signed on June 4,1993 with respect to visitation.
On July 27, 1993, Mrs. Miehelli appealed the April 22, 1993 and July 6, 1993 judgments. On August 13, 1993, Mr. Miehelli filed an answer to the appeal. See Miehelli v. Miehelli, 93-2128 (La.App. 1st Cir. 5/5/95), 655 So.2d 1342, rendered this date, addressing issues raised pursuant to the judgments of April 22 and July 6, 1993. After filing this appeal, on October 28, 1993, Mrs. Miehelli filed a rule for contempt and to terminate supervised visitation or in the alternative to designate other supervisors. A hearing on Mrs. Michelli’s October 28 rule was scheduled for the 17th and 18th of March, 1994. On February 28, 1993, Mr. Miehelli filed a rule to reestablish regular unsupervised visitation. Both Mr. Miehelli and Mrs. Michelli’s rules were taken up at the March 17th and 18th hearing.
After the hearing, the trial court rendered a judgment that reestablished unsupervised *1354 visitation in favor of Mr. Michelli. Mr. Mi-chelli was ordered to continue in his alcohol recovery program and refrain from drinking. The judgment further ordered that Mr. Mi-chelli should receive professional counselling with respect to his parenting and his understanding of his role in the lives of his children. Mrs. Michelli applied to this court for an emergency writ or a stay because of her pending appeal. However, on March 24, 1994, this court denied her request and ruled that the trial court’s judgment of unsupervised visitation was an appealable judgment. Michelli v. Michelli, 93 CW 0542 (La.App. 1st Cir. |s3/24/94). Mrs. Michelli now appeals the March 18, 1994 judgment and alleges the following assignments of error[2]:
1. The trial court abused its discretion in refusing on three occasions, to apply R.S. 9:361 et seq. when overwhelming evidence of defendant’s violence was shown which should have triggered the application of the statute which prohibited unsupervised visitation.
2. The trial court abused its discretion in restoring unsupervised visitation at a time when defendant is drinking, when the court had previously revoked unsupervised visitation on the basis of defendant’s drinking.
3. The trial court abused its discretion in granting unsupervised visitation when no expert recommended it, especially when the unchallenged expert testified defendant’s erratic visitation was detrimental to the children and the court found the defendant had emotional problems and had to have professional help in parenting.
4. The trial court abused its discretion in its order restoring unsupervised visitation which is inconsistent with its order that the parties, plaintiffs parents and the minor children to the end of determining “... what is the best course of action”.
5. The trial court erred and abused its discretion in ordering the plaintiffs parents to be psychologically evaluated when there is no basis for such an order and no authority for it under R.S. 9:331.
6. The trial court erred and abused its discretion in awarding unsupervised visitation based on a parent having “an absolute right” to visitation when such visitation is contrary to 9:361 et seq., and to the best interest of the children which is the test of Article 136.
7. In the alternative, if R.S. 9:361 et seq., is not applicable herein, the trial court abused its discretion [and] erred in refusing to continue supervised visitation during daylight hours only reducing it to one weekend per month, and in refusing to terminate the supervisors whose primary allegiance was to defendant and not to the emotional and physical safety of the children.
ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, THREE, FOUR, SIX, AND SEVEN
Through these assignments, Mrs. Michelli contends that the trial court committed error by awarding Mr. Michelli unsupervised visitation with their minor children.
Because we have determined that the Post-Separation Family Violence Relief Act was applicable in Michelli v. Michelli, 93-2128 |6(La.App. 1st Cir. 5/5/95); 655 So.2d 1342,[3] handed down on this date, we find the trial court’s March 18, 1994 judgment, which is the basis for this appeal, erroneous for the reasons stated therein. Therefore, we reverse the March 18, 1994 trial court judgment reestablishing unsupervised visitation in favor of Mr. Michelli. See Michelli v. Michelli, 93-2128 (La.App. 1st Cir. 5/5/95); 655 So.2d 1342.
ASSIGNMENT OF ERROR NUMBER FIVE
Because of our conclusion in assignments of error numbers one, two, three, four, six *1355 and seven, we pretermit a discussion of this assignment of error.
CONCLUSION
For the foregoing reasons, the March 18, 1994 judgment is reversed and this case is remanded for further proceedings consistent with this opinion and the decision rendered this date in Michelli v. Michelli, 93-2128 (La.App. 1st Cir. 5/5/95); 655 So.2d 1342. Costs of this appeal are assessed to Mr. Michelli.
REVERSED AND REMANDED.
FITZSIMMONS, J., concurs with reasons.

. A judgment was not signed until June 4, 1993.

. This court ordered that this appeal be reviewed by the same panel that would review Ms. Michel-li’s July 27, 1993 appeal.

. In this case, Mrs. Michelli appealed the April 22, 1993 and July 6, 1993 judgments which granted Mr. Michelli unsupervised visitation and supervised visitation, respectively.